## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                          :
                                          CASE NO. 04-09937(SEK)
LEIDA CRUZ RENTAS                         :
        DEBTOR                            CHAPTER 13
                                          :

----------------------------------

LEIDA CRUZ RENTAS                         :
MARIA RENTAS ALVAREZ

        PLAINTIFFS                        :     ADV. PROC. NO. 05-053

                                          **FILED & ENTERED**
           v.                             :

SALLIE MAE SERVICING CORP.  JUL 1 4, 2006
GREAT LAKES HIGHER EDUCATION              :

        DEFENDANTS                        CLERK
                                          U.S. BANKRUPTCY COURT
                                          SAN JUAN, PUERTO RICO

### OPINION AND ORDER

Before the Court is plaintiff's request for summary judgment and defendants' cross motion concerning a complaint against Sallie Mae Servicing Corp. ("Sallie Mae") and Great Lakes Higher Education ("Great Lakes") for willful violation of the automatic stay. We deny both motions because there are material facts in controversy.

To grant a motion for summary judgment, the moving party must show that there are no material facts in controversy.[1] In dealing with a complaint for violation of the automatic stay, the First Circuit has clearly stated that:

> A willful violation does not require a specific intent to violate the stay. The standard for willful violation of the automatic stay under §362(h) is met if there is knowledge of the stay and the defendant intended the

---

[1] "Summary judgment is warranted where the record, viewed most favorably to non-moving party, reveals that there is no genuine dispute as to any material fact and moving party is entitled to judgment as a matter of law." Blanchard v. Peerless, 958 F.2d 483, 485 (1st Cir. 1992).

actions which constituted the violation. In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate. The debtor has the burden of providing the creditor with actual notice. Once the creditor received actual notice, the burden shifts to the creditor to prevent violations of the automatic stay. Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999)(citations omitted)

To prevail, plaintiffs must meet their initial burden of showing defendants were actually notified of the bankruptcy filing and the automatic stay injunction. Debtor, co-plaintiff, included her debt with Sallie Mae in the schedules and listed its address as P.O. Box 11569, Killeen, TX 76547-1569. The Clerk mailed the notice of the automatic stay to this address. Defendants argue Sallie Mae never received this notice, because it was sent to the wrong address.

We do not know if the automatic stay was properly notified to Sallie Mae. Sallie Mae provides two different addresses of record.[2] The Clerk did not notify the automatic stay to any of these.

Defendants also argue Great Lakes was not scheduled nor notified of these proceedings. However, defendants' opposition details facts concerning a phone call Great Lakes received from debtor indicating she filed this bankruptcy. This contradiction creates an actual material factual controversy impeding the entry of summary judgment.

---

[2] Sallie Mae states the correct address for purposes of notification is Sallie Mae, Inc., c/o Robert Lavet, Vice President and General Counsel, 12061 Bluemont Way, Reston, Virginia 20190. However, the proof of claim filed by Sallie Mae, Inc. provides the address of 220 Lasley Ave., Wilkes-Barre, PA 18706 for notification purposes.

WHEREFORE, plaintiffs' motion for summary judgment and defendants' motion to dismiss the case summarily are denied. The pretrial hearing continues as scheduled on August 17, 2006 at 11:00 AM.

SO ORDERED, in San Juan, Puerto Rico, on July 13, 2006.

SARA DE JESUS
U.S. Bankruptcy Judge